**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THEINT WIN HTET**<br>    1 Rue de la Liberation<br>    Room E420<br>    Jouy-en-Josas, France<br><br>                *Plaintiff,*<br><br>v.<br><br>**JOSEPH R. BIDEN**<br>    **in his official capacity as**<br>    **President of the United States**<br>    1600 Pennsylvania Ave., NW<br>    Washington, D.C. 20500<br><br>                *Defendant,*<br><br>**JANET YELLEN**<br>    **in her official capacity as**<br>    **Secretary of the United States**<br>    **Department of the Treasury**<br>    1500 Pennsylvania Ave., NW<br>    Washington, D.C. 20220<br><br>                *Defendant,*<br><br>**BRADLEY T. SMITH**<br>    **in his official capacity as**<br>    **Director of the United States**<br>    **Department of the Treasury,**<br>    **Office of Foreign Assets Control**<br>    1500 Pennsylvania Avenue, NW<br>    Freedman's Bank Building<br>    Washington, D.C. 20220<br><br>                *Defendant,*<br><br>        and | Case No. 1:24-cv-1446<br><br><br><br><br>**COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |

| | |
|---|---|
| **THE UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF FOREIGN ASSETS CONTROL**<br>    1500 Pennsylvania Avenue, NW<br>    Freedman's Bank Building<br>    Washington, D.C. 20220<br><br>                              *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff Theint Win Htet brings this Complaint for Declaratory and Injunctive Relief against Defendants the President of the United States Joseph R. Biden, the Secretary of the United States Department of the Treasury Janet Yellen, the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC"), and its Director, Bradley T. Smith, and in support of her complaint alleges the following:

## NATURE OF THE CASE

1. This Complaint arises from Defendant President Biden's inclusion of unlawful designation criteria in Executive Order ("E.O") 14014, and Defendant OFAC's unlawful failure to afford Plaintiff a meaningful opportunity to seek the rescission of her E.O. 14014 designation and the removal of her name from the Specially Designated Nationals and Blocked Persons List ("SDN List").

2. On January 31, 2024, Defendant OFAC designated Plaintiff's father Thein Win Zaw under E.O. 14014 "for being, or having been, a leader or official of SBPG, an entity whose property and interests in property are blocked as a result of activities related to the leader's or official's tenure." U.S. Dep't of the Treasury, *Treasury Sanctions Military Cronies and Companies in Burma Three Years after Military Coup*, Jan. 31, 2024, *available at*: https://home.treasury.gov/news/press-releases/jy2067.

3. Simultaneously, Defendant OFAC designated Plaintiff under E.O. 14014 "for being a spouse or adult child of Thein Win Zaw, a person whose property and interests in property are blocked under E.O. 14014." *Id*; Notice of OFAC Sanctions Actions, 89 Fed. Reg. 27, 8754 (Feb. 8, 2024).

4. Following her designation, and as a result of it, Plaintiff's accounts located at U.S. and non-U.S. financial institutions were blocked or restricted. Further, Defendant OFAC's designation of Plaintiff has negatively affected her professionally as Plaintiff is prohibited from continuing her studies at a U.S. university, despite having only one year remaining in her program. In addition, Plaintiff was barred from traveling to and entering the U.S. under her Temporary Protected Status ("TPS") or her Authorization for Travel by a Noncitizen approved by United States Customs and Immigration Services ("USCIS"), as a result of her designation.

5. Defendant OFAC has issued regulations for designated persons seeking recission of their designation, which allow the designated person to make certain specific arguments warranting the rescission of their designation and removal from the OFAC SDN List. 31 C.F.R. § 501.807. Further, Defendant OFAC has provided examples in which a delisting might occur, such as "a positive change in behavior, the death of an SDN, [where] the basis for the designation no longer exists, or [where] designation was based on mistaken identity." *Id*. In addition, Defendant OFAC's publicly stated goals for imposing economic sanctions on persons such as Plaintiff is "not to punish but to bring about a positive *change* in behavior." U.S. Dep't of the Treasury, Office of Foreign Assets Control, *Filing a Petition for Removal From an OFAC List*, *available at*: https://ofac.treasury.gov/specially-designated-nationals-list-sdn-list/filing-a-petition-for-removal-from-an-ofac-list (last accessed May 2, 2024) (emphasis added).

6.      Defendant OFAC's procedures governing delisting from the SDN List, however, do not afford Plaintiff an opportunity to seek removal of her E.O. 14014 designation as she is solely designated for being an adult child of Thein Win Zaw. As the adult child of Thein Win Zaw, Plaintiff cannot assert that these circumstances will no longer apply, cannot establish an insufficient basis for her designation, nor can she propose remedial steps to negate the basis for her designation.

7.      Indeed, it has traditionally been Defendant OFAC's position that not even the death of an adult parent from whom a sanctioned party's designation derives is a basis for delisting. In short, there is no opportunity for a sanctioned person designated as such solely for being a child of another blocked person to have their designation removed.

8.      Given these circumstances, Defendants' delisting procedures fail to provide any meaningful opportunity for Plaintiff to challenge the agency action which designated her under E.O. 14014, as Defendants' action is based on a status that cannot be changed or proven to be in error. As a result, Defendants' actions violate the Fifth Amendment to the United States Constitution's Due Process Clause and the Administrative Procedure Act ("APA"). Accordingly, Plaintiff turns to this Court for relief.

## JURISDICTION AND VENUE

9.      This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

4

10. This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

11. Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as the Defendants reside in this District.

## THE PARTIES

12. Plaintiff is a Burmese national and the daughter of Thein Win Zaw, who is designated under E.O. 14014. Plaintiff currently resides at 1 Rue de la Liberation, Room E420, Jouy-en-Josas, France 78350.

13. Plaintiff is currently a student at HEC Paris ("HEC"), a business school located in France, and is pursuing a Master's in Management ("MiM") program. Plaintiff began this program in September 2023 and, prior to her designation, was expected to complete the degree in May 2026.

14. Additionally, Plaintiff is enrolled in a three-term master's degree program in Master of Science in Enterprise Risk Management at Columbia University in New York. Plaintiff has completed one term required for this program, and intends on completing the remaining terms. Plaintiff intended on beginning her next term in September 2024, and completing the program in May 2025.

15. Prior to enrolling in her master's program at Columbia University, Plaintiff attended New York University ("NYU") where she received her Bachelor of Arts in May 2022. During her time studying at NYU, Plaintiff also completed an internship at WOW Payments, a payment processing company in New York, from August to September 2021. Further, during her time studying at NYU, and for a period thereafter, Plaintiff rented three different apartments in

5

New York. From 2019 to 2021, Plaintiff lived at One Union Square South, Apt. 23C, New York, NY, 10003. From 2021 to 2022, Plaintiff lived at 7 West 21st Street, Apt. 16J, New York, NY, 10010. Finally, from 2022 to 2023, Plaintiff lived at 56 7th Avenue, Apt. 5E, New York, NY, 10011.

16.     Further, Plaintiff received three student visas to pursue her studies: (1) Visa Number 20182074750007, which was issued on August 3, 2018 and expired on July 25, 2019; (2) Visa Number 20191865770005, which was issued on July 10, 2019 and expired on July 4, 2020; and (3) Visa Number 20203655260001, which was issued on January 5, 2021 and expired on December 29, 2021. Plaintiff also has a current New York State identification card which was issued on June 27, 2022 and expires on May 21, 2027.

17.     Additionally, Plaintiff also has held or currently holds various authorizations allowing her to enter and remain in the United States. For example, Plaintiff currently holds Temporary Protected Status ("TPS"), which was approved from November 26, 2022 to May 25, 2024. Further, Plaintiff previously received TPS from October 12, 2021 to November 25, 2022. As part of her TPS, Plaintiff received approval for Authorization for Travel by a Noncitizen to the United States from USCIS, from April 6, 2023 to April 4, 2024.

18.     In addition to those authorizations, Plaintiff previously held two authorizations allowing her to work in the United States. Specifically, Plaintiff received United States Employment Authorization card number IOE9061888642, which was issued on July 11, 2022 and expired on July 10, 2023. Plaintiff also previously received United States Employment Authorization card number IOE0913333289, which was issued on October 12, 2021 and expired on November 25, 2022.

6

19. On January 31, 2024, Plaintiff was designated under E.O. 14014, and her name was added to the SDN List, which is maintained and administered by OFAC.

20. Defendant Joseph R. Biden is sued in his official capacity as the President of the United States. Defendant Biden is primarily responsible for all executive departments and agencies and is responsible for issuing E.O. 14014.

21. Defendant Janet Yellen is the Secretary of the United States Department of the Treasury. Ms. Yellen is sued in her official capacity.

22. Defendant OFAC is a United States federal administrative agency located in the United States Department of the Treasury, 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. OFAC is responsible for maintaining and administering the SDN List, including by placing persons on and removing persons from the SDN List consistent with IEEPA, E.O. 14014, and its implementing regulations set forth in 31 C.F.R. Parts 501 and 525, the "Reporting, Procedures and Penalties Regulations" and the "Burma Sanctions Regulations," respectively. Defendant OFAC was responsible for designating Plaintiff under E.O. 14014 and adding her name to the SDN List.

23. Defendant Bradley T. Smith is the Director of OFAC. In this role, Defendant Smith is responsible for overseeing and directing OFAC's operations.

## FACTUAL ALLEGATIONS

### A.   OFAC Designates Plaintiff Under Executive Order 14014

24. The International Emergency Economic Powers Act ("IEEPA") authorizes the President to impose sanctions to address declared national emergencies and unusual and extraordinary threats. Notably, IEEPA requires that its authorities "only be exercised to deal with

an unusual and extraordinary threat with respect to which a national emergency has been declared . . . and may not be exercised for any other purpose." 50 U.S.C. § 1701(b).

25.     Pursuant to IEEPA, on February 10, 2021, President Biden issued E.O. 14014, Blocking Property with Respect to the Situation in Burma, to address the "situation in and in relation to Burma, and in particular the February 1, 2021, coup, in which the military overthrew the democratically elected civilian government of Burma." Exec. Order No. 14014. Preamble. This E.O. authorizes the Secretary of the Treasury, in consultation with the Secretary of State, to impose sanctions on foreign persons determined to meet certain criteria set forth in the Order.

26.     Notably, E.O. 14024 contains designation criteria for persons the Secretary of the Treasury, in consultation with the Secretary of State, determines are the spouse or adult child of any person whose property and interests in property are blocked pursuant to the Order. Exec. Order No. 14014 § 1(a)(v).

27.     Taking such actions blocks the sanctioned party's property and interests in property in the United States, that come within the United States, or that come within the possession or control of any United States person. This blocked property cannot be transferred, paid, exported, withdrawn, or otherwise dealt in. As a result, U.S. persons are generally prohibited from virtually all dealings with persons blocked under E.O. 14014. Further, persons blocked under the Order are not eligible for entry into the United States.

28.     On January 31, 2024, OFAC designated Plaintiff pursuant to E.O. 14014 for "being a spouse or adult child of Thein Win Zaw, a person whose property and interests in property are blocked under E.O. 14014." U.S. Dep't of the Treasury, *Treasury Sanctions Military Cronies and Companies in Burma Three Years after Military Coup*. Thein Win Zaw was himself designated

8

under E.O. 14014 for being, or having been, a leader or official of SBPG, an entity blocked under that Order for activities related to his alleged tenure at SBPG. *Id*.

29. In relevant part, OFAC's press release announcing the designation alleged that Plaintiff, alongside her mother and brother, owns or controls, twenty companies in various economic sectors that are closely related to the regime. *Id*. Although this allegation is not offered to evidence that Plaintiff is Thein Win Zaw's adult child—and thus irrelevant to OFAC's determination to designate Plaintiff under E.O. 14014 as such—Plaintiff denies this allegation.

30. As a result of Plaintiff's designation under E.O. 14014, her property and interests in property within the United States or within the possession or control of U.S. persons are blocked and cannot be transferred, paid, exported, withdrawn, or otherwise dealt in. In addition, as a result of this designation, Plaintiff's name also appears on OFAC's SDN List.

### B. OFAC's Procedures Governing Delisting from the SDN List

31. As noted above, Defendant OFAC has promulgated and administers regulations and procedures by which persons blocked pursuant to its regulations and identified on the SDN List may seek their removal from the SDN List. 31 C.F.R. § 501.807. Those procedures allow a sanctioned party to: (i) request reconsideration due to an insufficient legal or factual basis for the designation; (ii) assert that the circumstances resulting in the designation no longer apply; or (iii) propose remedial measures intended to negate the basis of the designation. *Id*.

32. Defendant OFAC has also provided guidance concerning removal from the SDN List. U.S. Dep't of the Treasury, *Filing a Petition for Removal from an OFAC List*, *available at*: https://home.treasury.gov/policy-issues/financial-sanctions/specially-designated-nationals-list-sdn-list/filing-a-petition-for-removal-from-an-ofac-list/. This guidance states that "the ultimate goal of sanctions is not to punish, but to bring about a positive change in behavior." *Id*. The

guidance also offers examples of situations in which a delisting might be warranted, including "a positive change in behavior" or when "the basis of designation no longer exists." *Id*.

33. Plaintiff cannot avail herself of OFAC's delisting procedures as none of the means by which to seek removal of her designation through those procedures would apply. Specifically, Plaintiff cannot show an insufficient basis for designation, change the circumstances which gave rise to her designation, nor propose remedial steps to negate the basis for designation, as she will always be the adult child of Thein Win Zaw, who himself can remain designated in perpetuity due to an alleged prior affiliation with a blocked person.

**B.    Harm Suffered by Plaintiff**

34. Defendant OFAC's designation of Plaintiff has caused her substantial harm personally, professionally, and financially, which is upending her ability to complete her education and to conduct basic transactions to support her livelihood.

35. Specifically, Defendant OFAC's designation has prevented Plaintiff from completing her studies as she cannot matriculate for her final year at Columbia University to complete her Master of Science in Enterprise Risk Management degree. As Plaintiff is unable to complete her master's degree, this harm will be compounded because it will continue to delay her opportunity to find employment in a field related to her studies until she completes her degree.

36. Further, following Plaintiff's designation, Plaintiff has been subjected to personal harm insofar as third parties have sought to publicly disparage her, and have her residency in France removed, based on allegations which might also cause her school in France to expel her. Specifically, both a journalist from Le Monde, as well as a nongovernmental organization—Justice for Myanmar—have contacted Plaintiff's school in France, HEC, demanding information

concerning the payment of Plaintiff's tuition fees. This same journalist has contacted Plaintiff directly as well.

37. Further, Justice for Myanmar has called upon the French Government to identify and freeze Plaintiff's assets, and reconsider her grant of residency in France. Specifically, Justice for Myanmar has alleged that Plaintiff's tuition fees are paid for by her family, and "eventually" by certain subsidiaries of Shwe Byain Phyu Group of Companies in which Plaintiff is accused of holding shares or directorships in following the military coup in Burma. In addition, Justice for Myanmar made further allegations regarding Plaintiff's links or involvement with the Shwe Byain Phyu Group of Companies, going as far as to make accusations that Plaintiff's tuition and living expenses are being supported by terrorism. Exhibit A—Justice for Myanmar Letters.

38. These allegations were parroted and further publicized by Le Monde in an April 26, 2024 article titled "HEC accused of admitting a Burmese student under sanctions for her links with junta." Violaine Morin and Julien Bouissou, "*HEC accused of admitting a Burmese student under sanctions for her links with junta*, Le Monde, Apr. 26, 2024, *available at*: https://www.lemonde.fr/economie/article/2024/04/26/hec-accusee-d-avoir-admis-une-etudiante-birmane-sous-sanctions-pour-ses-liens-avec-la-junte_6230108_3234.html. The Le Monde article refers to the sanctions imposed on Plaintiff by the Defendants.

39. These allegations were also presented to HEC, who raised concerns with Plaintiff about having received that information, and thus requested information concerning Plaintiff's involvement in Burmese companies suspected of supporting the Burmese military government, as well as the source of funding for Plaintiff's studies at HEC. Exhibit A—Justice for Myanmar Letters. HEC's correspondence not only raised their concerns regarding the funding, but insinuated that such allegations raised concerns of conduct punishable by criminal penalties, including

11

imprisonment and fines. Justice for Myanmar also references the sanctions imposed on Plaintiff by the Defendants in their letter. *Id.*

40. Notwithstanding these allegations, Plaintiff had paid her school fees prior to her sanctions designation from her own personal account. Further, those fees were not paid by subsidiaries of Shwe Byain Phyu Group of Companies, and Plaintiff does not hold shares or directorships in such companies. Moreover, there have been no allegations—outside of those of Justice for Myanmar—that Shwe Byain Phyu Group of Companies, Plaintiff's family, nor Plaintiff herself have been involved in terrorism. Indeed, neither the United Nations ("UN") nor any Western governmental authorities have designated these parties for terrorism, nor has the military government in Myanmar been sanctioned by Defendants or anyone else for involvement in terrorism. Nevertheless, Plaintiff is still concerned the pressure exerted by these third parties—being fueled by the recent designation of Plaintiff by the Defendants—could lead to HEC expelling Plaintiff from the university, and is further concerned by the threat of legal consequences due to these allegations.

41. The emotional distress caused by these attacks and the potential for Plaintiff to be removed from school and possibly even France altogether, as well as her inability to resume her course of study at Columbia University, has been devastating. As a result, Plaintiff has engaged with HEC to seek help from a mental health professional with respect to her distress and anxiety related to these circumstances, which resulted in her being diagnosed with clinical depression on April 23, 2024. Plaintiff's receipt of such treatment, however, has been impacted by her inability to access and transfer her medical files, which are maintained by Zocdoc, a U.S. person whom—due to Plaintiff's designation by Defendants—cannot have any transactions or dealings with Plaintiff, including allowing her access to their platform to obtain her medical records. Plaintiff

also cannot request her medical records from NYU, because NYU is similarly a U.S. person and cannot provide Plaintiff the services necessary to access those records.

42. In addition, many financial institutions inside and outside of the United States, including in France, the United Arab Emirates ("UAE"), and Lithuania, have closed or restricted Plaintiff's financial accounts. For example, Plaintiff's credit card accounts with Bank of America and American Express have been restricted, and are believed to have been reported as blocked. Further, Plaintiff's accounts at non-U.S. financial institutions, including those at BNP Paribas, Standard Chartered Bank, and Revolut, have been restricted as a result of Plaintiff's designation, such that she is unable to access to them. Moreover, following her designation, Plaintiff attempted to open a new bank account at Caisse d'Epargne, a French-financial institution, but the bank refused to open an account for her due to her designation. These restrictions impair Plaintiff's ability to financially support herself and cover her basic living and school expenses.

43. Finally, as a result of her designation, Plaintiff may no longer be able to rely on her TPS status to enter the United States where she has lived and studied for a substantial portion of her life.

44. In the absence of immediate relief, Defendant President Biden's unlawful designation criteria and OFAC's unlawful designation action against Plaintiff will continue to expose third parties to sanctions consequences for dealings with Plaintiff. Further, Plaintiff will be unable to complete her education and secure sustainable employment so long as she remains sanctioned under E.O. 14014 and included on the SDN List, and will thus also impair Plaintiff's ability to financially support herself.

## CAUSES OF ACTION

### COUNT I

DEFENDANT PRESIDENT BIDEN'S DESIGNATION CRITERIA IN E.O. 14014, SECTION 1(a)(v) IS *ULTRA VIRES* IN VIOLATION OF SECTION 1701(B) OF IEEPA

45. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

46. Section 1701(b) of IEEPA states that the authorities granted to the President in Section 1702, those that were used to issue E.O. 14014, "may only be exercised to deal with an unusual and extraordinary threat with respect to which a national emergency has been declared for purposes of this chapter and may not be exercised for any other purpose." 50 U.S.C. § 1701(b).

47. President Biden issued E.O. 14014 on February 10, 2021 to address the actions of the Burmese military including the military coup on February 1, 2021. In doing so, President Biden included designation criterion completely unrelated to the threat for which the national emergency allowing him to use his powers under IEEPA was declared—i.e., to designate persons solely for being spouses or adult children of a person blocked under E.O. 14014. This designation criterion in no way requires any conduct or status relating to the actions of the Burmese military.

48. The President's issuance of designation criteria in E.O. 14014 Section 1(a)(v) that has no discernible connection to addressing the threat for which the national emergency identified in the Preamble of that Order is outside of the authorities granted by Congress to him under IEEPA, and as such is *ultra vires* in violation of Section 1701(b) of IEEPA.

### COUNT II

DEFENDANT OFAC'S DECISION TO DESIGNATE PLAINTIFF UNDER E.O. 14014 CONSTITUTES AGENCY ACTION THAT IS IN EXCESS OF STATUTORY JURISDICTION, AUTHORITY, OR LIMITATIONS, OR SHORT OF STATUTORY RIGHT

49. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

50. Under the APA, a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. 5 U.S.C. § 706(2)(C).

51. Section 1701(b) of IEEPA states that the authorities Congress granted to the President in Section 1702, those that were used to issue E.O. 14014, "may only be exercised to deal with an unusual and extraordinary threat with respect to which a national emergency has been declared for purposes of this chapter and may not be exercised for any other purpose." 50 U.S.C. § 1701(b).

52. President Biden issued E.O. 14014 on February 10, 2021 to address the actions of the Burmese military including the military coup on February 1, 2021. In doing so, President Biden included designation criterion completely unrelated to the threat for which the national emergency allowing him to use his powers under IEEPA was declared—i.e., to designate persons solely for being spouses or adult children of a person blocked under E.O. 14014. This designation criterion in no way requires any conduct or status relating to the actions of the Burmese military.

53. President Biden delegated his authorities under E.O. 14014 in Section Eight of the E.O. to the Secretary of the Treasury. Exec. Order No. 14014 § 8. Specifically, the Secretary of the Treasury, in consultation with the Secretary of State, is authorized to "employ all powers granted to the President by IEEPA as may be necessary to carry out the purposes of [E.O. 14014]." *Id*. Further, these powers may be redelegated within the Department of the Treasury. *Id*.

54. Defendant OFAC's decision to designate Plaintiff constitutes agency action that is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. This is

because OFAC's designation action does not address the actions of the Burmese military including the military coup on February 1, 2021. Thus, OFAC's designation action is unrelated to the threat for which the national emergency was declared.

55. OFAC's designation of Plaintiff under E.O. 14014 Section 1(a)(v) has no discernible connection to addressing the threat for which the national emergency identified in the Preamble of that Order, and is thus outside of the President's authorities Congress granted to him under IEEPA. Therefore, in carrying out the President's authorities under IEEPA, Defendant OFAC's action is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right in violation of the APA.

## COUNT III

DEFENDANT OFAC'S FAILURE TO PROVIDE PLAINTIFF WITH PROCEDURAL PROTECTIONS TO REMOVE HER DESIGNATION UNDER E.O. 14014 FOR BEING THE ADULT CHILD OF A SANCTIONED PARTY VIOLATES THE DUE PROCESS CLAUSE UNDER THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION

56. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

57. The Fifth Amendment to the United States Constitution provides that no person shall be "deprived of life, liberty, or property without due process of law." U.S. Const. amend. V.

58. Under the Fifth Amendment's Due Process Clause, Plaintiff is entitled to procedural protections that provide her notice and an opportunity to respond. *Mathews v. Eldridge*, 424 U.S. 319 (1976).

59. Defendant OFAC's Procedures Governing Delisting from the SDN List provide that a designated person can seek rescission of their designation by asserting that the circumstances resulting in their designation no longer apply, by submitting arguments and evidence to establish an insufficient basis exists for the designation, or by proposing remedial steps the person can take

to negate the basis for their designation. As Plaintiff is solely designated for being an adult child of a person blocked under E.O. 14014, she has no opportunity to establish that the designation was insufficient, that the circumstances have changed, or to propose remedial measures to negate the basis of the designation. Therefore, Plaintiff has no meaningful opportunity to seek rescission of her designation because Defendant OFAC's Procedures Governing Delisting from the SDN List provide Plaintiff no avenue to seek relief. Moreover, OFAC does not maintain any other procedures by which a party designated solely for being an adult child of a person blocked under E.O. 14014 can challenge their designation.

60. Defendant OFAC's failure to provide adequate procedures by which a person designated under E.O. 14014 solely for being an adult child of a person blocked under the Order can have a meaningful opportunity to address that designation is in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare Defendant OFAC's action to designate Plaintiff under Section 1(a)(v) of E.O. 14014 to be in excess of statutory jurisdiction, authority, or limitations, or short of statutory right in violation of 5 U.S.C. §706(2)(C);

B. Issue an order declaring the designation criteria of E.O. 14014, Section 1(a)(v) issued by the President to be *ultra vires* in violation of IEEPA;

C. Order Defendant OFAC to rescind Plaintiff's E.O. 14014 designation and remove her name from the SDN List;

D. Enjoin the Secretary of the Treasury, Janet Yellen, from enforcing Section 1(a)(v) of E.O. 14014 against Plaintiff;

E.  Issue an order declaring OFAC's failure to provide adequate procedural protections to a party designated under E.O. 14014 solely for being the adult child of a person blocked under the Order to be unlawful in violation of the Fifth Amendment to the United States Constitution;

F.  Grant an award to Plaintiff's costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et* seq., and any other applicable provision of law; and

G.  Grant such other and further relief as the Court may deem just and proper.

Dated: May 16, 2024

                                          Respectfully submitted,

                                          /s/ Erich C. Ferrari
                                          Ferrari & Associates
                                          1455 Pennsylvania Ave., NW
                                          Suite 400
                                          Washington, D.C. 20004
                                          Telephone: (202) 280-6370
                                          Fax: (877) 448-4885
                                          Email: ferrari@falawpc.com
                                          D.C. Bar No. 978253

                                          *Attorney for Plaintiff*